WOODARD *v.* NATIONAL COTTON SEED PRODUCTS CORPORA-
TION. (No. 1.)*

(*Jackson.* April Term, 1926.)

Opinion filed July 13, 1926.

1. WORKMEN'S COMPENSATION ACT. Acts 1919, ch. 123.
Injury to Employee.

An injured employee is not entitled to recover for the loss of a hand,
when it is established that his loss was of four fingers, which
liability, the defendant in error had at all times admitted, and
paid the plaintiff in error as provided by the Act. (Post, p. 231.)

Citing: Ezell v. Tipton, 150 Tenn., 300, 264 S. W., 355.

2. SAME. Costs.

Where the injured employee seeks a recovery under the Compensa-
tion Act, and it appears that defendant has paid all that he is
liable for, such employee failing to sustain his contention will be
taxed with the costs. (Post, p. 233.)

*Headnotes 1. Workmen's Compensation Acts, C. J., section 139;
2. Workmen's Compensation Acts, C. J., section 150.

FROM LAKE.

Appeal from the Circuit Court of Lake County.—HON.
ROBERT A. ELKINS, Judge.

W. M. MILES, for appellant.

DRAPER & RICE, for appellee.

MR. JUSTICE HALL delivered the opinion of the Court.

This is an action brought to recover of the defendant below (defendant in error here), National Cotton Seed Products Corporation, compensation under the Workmen's Compensation Act, chapter 123, Public Acts of 1919.

The petition was filed by Will Woodard (plaintiff in error here) to recover $9 per week for one hundred fifty weeks for the loss of his right hand.

The case was tried before the circuit judge on the evidence introduced by the parties, who found and held that the plaintiff in error was not entitled to recover for the loss of his hand, but was entitled to recover compensation at the rate of $9 per week for one hundred weeks for the loss of the four fingers of his right hand, which liability the defendant in error had at all times admitted, and had paid the plaintiff in error at said rate for a period of thirty-six weeks, when the petition was filed. The trial court therefore taxed the plaintiff in error with the costs of the case. From this judgment he appealed, after his motion for a new trial had been overruled, and has assigned errors.

Through his assignments of error it is insisted: First, that there is no evidence to support the judgment; and, second, that the court erred in taxing him with the costs of the case.

It was stipulated by and between the parties that petitioner (plaintiff in error here) was entitled to compensation from the defendant at the rate of $9 per week under the Workmen's Compensation Act. It was also stipulated that petitioner was employed by the defendant below (defendant in error here) at its cotton oil mill at Tiptonville, Tenn., at the time of the accident, and was

being paid the sum of $18 per week, and that the accident resulting in injury to him arose out of and in the course of his employment.

It was further stipulated and admitted by the defendant that petitioner was entitled to compensation at the rate of $9 per week for one hundred weeks as a result of the loss of four fingers of his right hand; it being insisted on the contrary by petitioner that he was entitled to compensation at the rate of $9 per week for one hundred fifty weeks for the loss of his right hand. This stipulation was introduced as a part of the evidence in the case.

Further evidence introduced showed that the injury which petitioner sustained was to the four fingers of his right hand, they being crushed and had to be amputated at or near the knuckle joints; the thumb and palm of the hand being uninjured.

Plaintiff in error testified that this injury rendered his right hand useless; that the palm was stiff; that he was unable to use it and the thumb for any practical purposes; that he could write with it but little; that he could not pick up or hold anything in it, and could not use it in his work, which was that of a day laborer.

Upon the other hand, the defendant in error offered evidence tending to show that plaintiff in error had full and complete use of his thumb and the palm of his hand, that the palm of his hand was not stiff as a result of the injury, but that he had good use of all his knuckle joints, thumb and palm.

A photograph of the plaintiff in error's right hand was introduced in evidence and filed as Exhibit A to his testimony. This photograph shows that the little finger

and the one next to it was amputated just above the knuckle joints, and the other two fingers were amputated at the knuckle joints; that the thumb and palm are intact, and in no way impaired.

The record further discloses that the trial judge had the plaintiff in error to exhibit both of his hands and to manipulate them, and he examined them upon the trial. He found that plaintiff in error had only lost four of his fingers on that hand, and that he had not lost his hand.

We are of the opinion that this case is controlled by the decision of this court in *Ezell* v. *Tipton,* 150 Tenn., 300, 264 S. W., 355. In that case the petitioner sustained an injury to his hand and forearm, which necessitated their amputation about two inches below the elbow joint, the elbow joint being left stiff. In that case the majority of the court was of the opinion that the trial judge, having seen petitioner, observed his arm and the use he had of it, and having found that there was not a total loss of the use of that member, but that he had only lost his hand, the judgment awarding compensation for the loss of his hand only was affirmed.

We are of the opinion that the case under consideration, upon its facts, is not as strong in favor of the plaintiff in error's contention that he lost a hand as the facts were in the Ezell case that he had lost an arm. In the instant case the evidence tends to show that the plaintiff in error has not only free use of his palm and thumb, but can use his knuckle joints; that he can hold objects between his thumb and knuckle joint; can write with it to some extent, and can make other practical uses of it.

It results, therefore, that we find no error in the action of the trial judge awarding plaintiff in error compensation for the loss of four fingers only.

Now, coming to the plaintiff in error's second assignment of error, which is to the effect that the trial court erred in taxing him with the costs of the case, it must be held that this was proper, in view of the fact that plaintiff in error failed to sustain his contention that he had lost his hand, and the defendant in error's contention that he had lost only four of his fingers being sustained.

The defendant in error had at all times admitted its liability for the loss of four fingers, was willing to pay the plaintiff in error compensation on this basis, and had paid him compensation for thirty-six weeks at the rate of $9 per week.

It results that we find no error in the judgment, and it will be affirmed, with costs.